IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HESMAN TALL,

   Plaintiff,

v.

ALPHABET INC., et al.,

   Defendants.

Civil Action No.:  PX-23-1393

## ORDER

Hesman Tall sues Alphabet Inc. and Google Inc. for a host of constitutional and statutory violations.  ECF No. 1.  Tall has also moved for leave to proceed in forma pauperis (ECF No. 2) which is granted.  Because Tall proceeds in forma pauperis, the Court must screen the Complaint for sufficiency.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  The Court accepts the Complaint's factual allegations as true and most favorably to the plaintiff, and liberally construes the pleadings to permit any plausible claim to proceed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, the "Court must [also]. . . dismiss claims . . . under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted." *Nwoga v. Karceski*, No. GLR-19-2899, 2019 WL 6310187, at *1 (D. Md. Nov. 22, 2019) (quoting *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2005)).

In the Complaint, Tall appears to take issue with Defendants' "posting" of information related to him.  He also alleges a wide array of harms, to include racial profiling and targeting of a "disabled person," but offers no factual allegations make those claims plausible.  ECF No. 1 and attachments.

Although a complaint need not include every relevant fact, it must aver sufficient facts to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Further, Federal Rule of Civil Procedure 8(a) requires that a complaint include:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought.

Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  Also, it is well-settled that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

The Court has thoroughly examined the Complaint and finds that it is insufficient and does not comply with federal pleading requirements.  Instead of a concise statement of facts as to the underlying cause of action, the Complaint is replete with conclusory legal allegations.  Even after affording the matter a generous construction, the Court cannot determine the basic nature of the complaint. Thus, one can only imagine the difficulties which would ensue in having Defendants attempt to answer to the allegations.

Because Tall proceeds pro se, he shall be afforded the opportunity to amend the complaint to provide brief, concise, and clear factual allegations in compliance with Rule 8(a). The amended complaint must minimally (1) set out the jurisdictional basis for the complaint, (2) describe how each of the named defendants is involved in this matter, (3) allege each cause of action separately with a simple statement of how the Defendants have committed each violation. Tall is forewarned that failure to adequately amend the pleading will result in dismissal of the Complaint without prejudice and without further notice.

Accordingly, it is this 9th day of January 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff IS GRANTED 28 days from the date of this order to file an Amended Complaint;

2. Plaintiff IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of the complaint without prejudice and without further notice from the Court; and

3. The Clerk IS DIRECTED to MAIL a copy of this order together with a civil complaint packet to plaintiff.

/S/
Paula Xinis
United States District Judge